UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MANE FALETOGO,

        Plaintiff,

v.

CITY OF SEATTLE; and SEATTLE POLICE OFFICER JARED KELLER,

        Defendants.

C19-247 TSZ

ORDER

THIS MATTER comes before the Court on defendant City of Seattle's motion to dismiss, docket no. 11. Having reviewed the briefs[1] filed in support of, and in opposition to, the motion, the Court enters the following order.

**Discussion**

Plaintiff Mane Faletogo is the father of Iosia Faletogo, who was shot by defendant Seattle Police Officer Jared Keller. <u>See</u> Compl. at ¶¶ 1 & 10 (docket no. 1). Plaintiff is not the personal representative of the Estate of Iosia Faletogo, and he brings no claims on behalf of the Estate or any of its beneficiaries. <u>See id.</u> at ¶ 16. Plaintiff asserts solely a

---

[1] In response to City of Seattle's motion to dismiss, plaintiff's counsel filed a declaration, attached to which was 175 pages of materials. <u>See</u> Searle Decl. (docket no. 14). Plaintiff's attorneys did not timely provide courtesy copies of such documents as required by Local Civil Rule 10(e)(9), and the Court has not considered them in ruling on City of Seattle's Rule 12(b)(6) motion. <u>See</u> Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

ORDER - 1

Fourteenth Amendment substantive due process claim pursuant to 42 U.S.C. § 1983, for deprivation of his liberty interest in the companionship and society of his son, against both Officer Keller and City of Seattle. *Id.* at ¶¶ 15-16.

City of Seattle has moved to dismiss any Fourth Amendment claim alleging excessive use of force on the ground that plaintiff lacks standing. Plaintiff, however, has not pleaded a Fourth Amendment claim, and City of Seattle's motion to dismiss such claim is therefore STRICKEN as moot. With regard to plaintiff's substantive due process claim under the Fourteenth Amendment, City of Seattle has moved to dismiss on the ground that plaintiff has not included within his complaint "sufficient factual matter" to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), in light of the doctrines set forth in *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658 (1978), and its progeny. The Court agrees with City of Seattle.

Plaintiff has asserted merely that "[t]his claim also includes a cause of action for a pattern, practice, and failure of training on the part of the City of Seattle leading up to this wrongful death," and that "[i]t is well documented that the City of Seattle has a pattern and practice of the use of excessive force." Compl. at ¶ 16. The first statement indicates only what claim plaintiff brings, and the second sentence is conclusory. Plaintiff simply has not met the standards for pleading a plausible *Monell*-based substantive due process claim against City of Seattle. *See City of Canton v. Harris*, 489 U.S. 378, 388-92 (1989) (an alleged failure to train must reflect "deliberate indifference" to constitutional rights to yield municipal liability); *Monell*, 436 U.S. at 694 (a governmental entity is responsible

under § 1983 when execution of its "policy or custom" by "those who edicts or acts may fairly be said to represent official policy" inflicts or is the "moving force" behind the constitutional violation). Plaintiff will be given an opportunity to cure the deficiencies of his complaint.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant City of Seattle's Rule 12(b)(6) motion to dismiss, docket no. 11, is STRICKEN in part as moot and GRANTED in part. Plaintiff's claim against City of Seattle is DISMISSED without prejudice and with leave to amend. This ruling does not affect plaintiff's claim against defendant Seattle Police Officer Jared Keller.

(2) Any amended complaint shall be electronically filed within twenty-one (21) days of the date of this Order. Such amended complaint may not alter the claim alleged against Officer Keller, who has already answered the original complaint, and who need not file any further responsive pleading or motion.

(3) The deadline for the parties to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and to submit a Combined Joint Status Report and Discovery Plan is EXTENDED from April 29, 2019, to May 31, 2019.

(4) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 18th day of April, 2019.

Thomas S. Zilly
United States District Judge