CERTIFICATION OF ENROLLMENT

**SUBSTITUTE SENATE BILL 5163**

66th Legislature
2019 Regular Session

Passed by the Senate March 5, 2019
  Yeas 30  Nays 17

CERTIFICATE

I, Brad Hendrickson, Secretary of the Senate of the State of Washington, do hereby certify that the attached is **SUBSTITUTE SENATE BILL 5163** as passed by Senate and the House of Representatives on the dates hereon set forth.

_____
**President of the Senate**

Passed by the House April 15, 2019
  Yeas 61  Nays 37

_____
                                                  **Secretary**

_____
**Speaker of the House of Representatives**

Approved                                         FILED

                                                **Secretary of State**
                                                **State of Washington**

_____
**Governor of the State of Washington**

**SUBSTITUTE SENATE BILL 5163**

Passed Legislature - 2019 Regular Session

**State of Washington        66th Legislature        2019 Regular Session**

**By** Senate Law & Justice (originally sponsored by Senators Hasegawa, Pedersen, Kuderer, Darneille, McCoy, Saldaña, Dhingra, Frockt, Wilson, C., Liias, Palumbo, and Nguyen)

READ FIRST TIME 01/25/19.

1    AN ACT Relating to actions for wrongful injury or death; amending
2  RCW 4.20.010, 4.20.020, 4.20.046, 4.20.060, and 4.24.010; and
3  creating a new section.

4  BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF WASHINGTON:

5    **Sec. 1.** RCW 4.20.010 and 2011 c 336 s 89 are each amended to
6  read as follows:
7    (1) When the death of a person is caused by the wrongful act,
8  neglect, or default of another person, his or her personal
9  representative may maintain an action ((for damages)) against the
10 person causing the death((; and although)) for the economic and
11 noneconomic damages sustained by the beneficiaries listed in RCW
12 4.20.020 as a result of the decedent's death, in such amounts as
13 determined by a trier of fact to be just under all the circumstances
14 of the case.
15    (2) This section applies regardless of whether or not the death
16 ((shall have been)) was caused under such circumstances as amount, in
17 law, to a felony.

18    **Sec. 2.** RCW 4.20.020 and 2011 c 336 s 90 are each amended to
19 read as follows:

1      Every ((such)) action under RCW 4.20.010 shall be for the benefit
2  of the ((wife, husband)) spouse, state registered domestic partner,
3  child or children, including stepchildren, of the person whose death
4  shall have been so caused. If there ((be)) is no ((wife, husband))
5  spouse, state registered domestic partner, or such child or children,
6  such action may be maintained for the benefit of the parents((,
7  sisters,)) or ((brothers, who may be dependent upon the deceased
8  person for support, and who are resident within the United States at
9  the time of his or her death)) siblings of the deceased.
10     In every such action the ((jury)) trier of fact may give such
11 damages as, under all circumstances of the case, may to them seem
12 just.

13     **Sec. 3.**  RCW 4.20.046 and 2008 c 6 s 409 are each amended to read
14 as follows:
15     (1) All causes of action by a person or persons against another
16 person or persons shall survive to the personal representatives of
17 the former and against the personal representatives of the latter,
18 whether such actions arise on contract or otherwise, and whether or
19 not such actions would have survived at the common law or prior to
20 the date of enactment of this section((: PROVIDED, HOWEVER, That)).
21     (2) In addition to recovering economic losses on behalf of the
22 decedent's estate, the personal representative ((shall only be)) is
23 only entitled to recover noneconomic damages for pain and suffering,
24 anxiety, emotional distress, or humiliation personal to and suffered
25 by ((a)) the deceased on behalf of those beneficiaries enumerated in
26 RCW 4.20.020((, and such)) in such amounts as determined by a trier
27 of fact to be just under all the circumstances of the case. Damages
28 under this section are recoverable regardless of whether or not the
29 death was occasioned by the injury that is the basis for the action.
30     (3) The liability of property of spouses or domestic partners
31 held by them as community property and subject to execution in
32 satisfaction of a claim enforceable against such property so held
33 shall not be affected by the death of either or both spouses or
34 either or both domestic partners; and a cause of action shall remain
35 an asset as though both claiming spouses or both claiming domestic
36 partners continued to live despite the death of either or both
37 claiming spouses or both claiming domestic partners.
38     (((2))) (4) Where death or an injury to person or property,
39 resulting from a wrongful act, neglect or default, occurs

1  simultaneously with or after the death of a person who would have
2  been liable therefor if his or her death had not occurred
3  simultaneously with such death or injury or had not intervened
4  between the wrongful act, neglect or default and the resulting death
5  or injury, an action to recover damages for such death or injury may
6  be maintained against the personal representative of such person.

7  **Sec. 4.**  RCW 4.20.060 and 2007 c 156 s 30 are each amended to
8  read as follows:
9  (1) No action for a personal injury to any person occasioning
10 death shall abate, nor shall such right of action ((determine))
11 terminate, by reason of such death, if such person has a surviving
12 spouse, state registered domestic partner, or child living, including
13 stepchildren, or if leaving no surviving spouse, state registered
14 domestic partner, or ((such)) children, ((if there is dependent upon
15 the deceased for support and resident within the United States at the
16 time of decedent's death,)) the person has surviving parents((,
17 sisters,)) or ((brothers; but such action may be prosecuted, or
18 commenced and prosecuted, by the executor or administrator))
19 siblings.
20    (2) An action under this section shall be brought by the personal
21 representative of the deceased, in favor of ((such)) the surviving
22 spouse or state registered domestic partner, or in favor of the
23 surviving spouse or state registered domestic partner and ((such))
24 children, or if no surviving spouse or state registered domestic
25 partner, in favor of ((such)) the child or children, or if no
26 surviving spouse, state registered domestic partner, or ((such)) a
27 child or children, then in favor of the decedent's parents((,
28 sisters,)) or ((brothers who may be dependent upon such person for
29 support, and resident in the United States at the time of decedent's
30 death)) siblings.
31    (3) In addition to recovering the decedent's economic losses
32 under this section, the persons listed in subsection (1) of this
33 section are entitled to recover damages for the decedent's pain and
34 suffering, anxiety, emotional distress, or humiliation, in such
35 amounts as determined by a trier of fact to be just under all the
36 circumstances of the case.

37   **Sec. 5.**  RCW 4.24.010 and 1998 c 237 s 2 are each amended to read
38 as follows:

1      (1) A ((mother or father, or both,)) parent or legal guardian
2 who has regularly contributed to the support of his or her minor
3 child, and ((the mother or father, or both, of a child on whom
4 either, or both, are dependent for support)) a parent or legal
5 guardian who has had significant involvement in the life of an adult
6 child, may maintain or join as a party an action as plaintiff for the
7 injury or death of the child. For purposes of this section,
8 "significant involvement" means demonstrated support of an emotional,
9 psychological, or financial nature within the parent-child
10 relationship, at or reasonably near the time of death, or at or
11 reasonably near the time of the incident causing death, including
12 either giving or receiving emotional, psychological, or financial
13 support to or from the child.
14     (2) In addition to recovering damages for the child's health care
15 expenses, loss of the child's services, loss of the child's financial
16 support, and other economic losses, damages may be also recovered
17 under this section for the loss of love and companionship of the
18 child, loss of the child's emotional support, and for injury to or
19 destruction of the parent-child relationship, in such amounts as
20 determined by a trier of fact to be just under all the circumstances
21 of the case.
22     (3) An action may be maintained by a parent or legal guardian
23 under this section, regardless of whether or not the child has
24 attained the age of majority, only if the child has no spouse, state
25 registered domestic partner, or children.
26     (4) Each parent is entitled to recover for his or her own loss
27 separately from the other parent regardless of marital status, even
28 though this section creates only one cause of action((, but if the
29 parents of the child are not married, are separated, or not married
30 to each other damages may be awarded to each plaintiff separately, as
31 the trier of fact finds just and equitable)).
32     (5) If one parent brings an action under this section and the
33 other parent is not named as a plaintiff, notice of the institution
34 of the suit, together with a copy of the complaint, shall be served
35 upon the other parent: PROVIDED, That notice shall be required only
36 if parentage has been duly established.
37     Such notice shall be in compliance with the statutory
38 requirements for a summons. Such notice shall state that the other
39 parent must join as a party to the suit within twenty days or the
40 right to recover damages under this section shall be barred. Failure

```
 1  of the other parent to timely appear shall bar such parent's action
 2  to recover any part of an award made to the party instituting the
 3  suit.
 4      ((In such an action, in addition to damages for medical,
 5  hospital, medication expenses, and loss of services and support,
 6  damages may be recovered for the loss of love and companionship of
 7  the child and for injury to or destruction of the parent-child
 8  relationship in such amount as, under all the circumstances of the
 9  case, may be just.))

10      NEW SECTION.  Sec. 6.  This act is remedial and retroactive and
11  applies to all claims that are not time barred, as well as any claims
12  pending in any court on the effective date of this section.
```

--- **END** ---